768055-06-0004

# AFFIDAVIT

1.   I, Jeffrey W. McLoughlin, have been employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ATF), since August of 1998. From 1990 until 1998, I was employed as a Police Officer and Investigator with the United States Park Police. I am an investigative or law enforcement officer of the United States, empowered by law to conduct investigations of and make arrests and seizures for criminal offenses. Your Affiant has worked independently, and in conjunction with the DC Metropolitan Police Department, the Drug Enforcement Administration, the Federal Bureau of Investigation, the Defense Criminal Investigation Service, the United States Park Police, and other law enforcement agencies, conducting criminal investigations where firearms offenses were the primary charge, and also in investigations where firearms offenses were related to other criminal charges (e.g., armed narcotics trafficking, burglary, etc.).

2.   During the course of conducting investigations, your Affiant has participated in numerous investigations, surveillances, searches, arrests, and interviews concerning violations of both state and Federal firearm statutes. As a result of this experience and training, your Affiant is familiar with the modus operandi of illegal firearm traffickers, including: the manner in which firearms are illegally acquired, transferred and the subsequent use of the firearms in a variety of other criminal activity.

3.   Your affiant has testified numerous times as an expert witness in Federal District court regarding the interstate commerce of firearms and ammunition.

1

4. The facts and information contained in this affidavit are based upon your Affiant's personal knowledge and the investigation and observations of other agents involved in the investigation. All observations referenced below that were not personally made by your Affiant were related to your Affiant by the persons who made such observations. This affidavit contains information necessary to support probable cause for this application. It is not intended to include each and every fact and matter observed by your Affiant or known to the government.

5. In October 2005, Special Agent Jeffrey McLoughlin was reviewing ATF trace records and observed that an individual had recently made a multiple handgun purchase in Virginia. The records also indicated that the individual had a previous multiple sales purchases as well as two firearm recoveries – one in the District of Columbia and the other in the Commonwealth of Virginia. The subject is identified as _____, b/m, _____ SSN: _____)

6. Special Agent McLoughlin went to Potomac Arms, 0 Prince Street, Alexandria, VA a federal firearms licensee (FFL). Special Agent McLoughlin obtained documents indicating that _____ purchased the following firearms using different addresses:

03/12/2002   Taurus, Model PT 945 45 caliber pistol, serial number NUI91228. During this purchase, _____ Rd., _____ his residence address.

04/05/2005   Taurus, Model 44, 44 caliber s/n 01324384. During this purchase, _____ 4 as his residence address.

06/29/2005   S & W, Model 4513, 45 caliber, s/n MSE9489. During this purchase, _____ his residence address.

2

CKC
11/16/05

| | |
|---|---|
| 07/06/2005 | Taurus, Model PT92F, 9mm pistol, serial number TIL11087. During this purchase, _____ as his residence address. |
| 07/29/2005 | Taurus, Model 44, 44 caliber revolver, serial number XJ225500<br>Taurus, Model PT92, 9mm pistol serial number TJF04631. During this purchase, _____ 4 as his residence address. |
| 09/08/2005 | Glock, Model 23, 40 caliber pistol, serial number BLG339US<br>Glock, Model 23, 40 caliber serial number CGX232US. During this purchase, _____ s his residence address |
| 10/11/2005 | Glock, Model 22, 40 caliber pistol, serial number NC252US<br>FN Inc, Model Forty Nine, 40 caliber pistol serial number 7NN01945. During this purchase, _____ as his residence address. |

7. On October 17, 2005 Special Agent McLoughlin went to _____ Rd and spoke with the leasing manager. The manager reviewed records and indicated that _____ moved into the building with his mother and step father in April 2000 and were evicted in February 2001 for failing to pay rent. The manager has not seen _____ or his family since that time.

8. Special Agent McLoughlin learned that the firearm purchased on March 12, 2002 (Taurus, Model PT 945 45 caliber pistol, serial number NUI91228) was listed in the National Tracing Center records system as having been traced on two separate occasions.

9. On October 24, 2005 Special Agent McLoughlin went to the District of Columbia Superior Court and checked court records pertaining to _____ arrests. Court records indicated that _____ was arrested in February 2005 for allegedly assaulting his younger brother. The police report documenting _____'s arrest indicated that

3

CKC
11/15/05

claimed to be the victim's legal guardian and that _____ and the victim lived together at _____. On several of the court documents signed by _____, provided his home address as _____.

10. On October 27, 2005 Special Agent McLoughlin went to _____. Special Agent McLoughlin observed that the US Postal Mail carrier was filling the mail boxes in front of the building. Special Agent McLoughlin engaged the mail carrier in conversation and observed one of the mail boxes had the names _____ written inside the mailbox (which was open). Special Agent McLoughlin also observed two Nextel Phone bills in the mail carrier's hand. The addressee on the bill was _____.

11. On October 27, 2005 Special Agent McLoughlin observed a silver Infinity, bearing Maryland registration _____ parked in front of _____, DC. According to Maryland Department of Motor vehicle records, this vehicle is registered to _____ and. This is also the same vehicle that _____ was operating when he was arrested by DC Metropolitan Police Department while in possession of a firearm in 2002.

12. On November 14, 2005 Special Agent Jeffrey McLoughlin went to _____ on, VA and found no one at home at that time. Special Agent McLoughlin asked a mail carrier near the building if _____ lived in the

4

CKC
11/15/05

building. The mail carrier explained that _____ moved from the building some time last year and is having his mail forwarded to another address which was unknown to the mail carrier. Special Agent McLoughlin also spoke with the apartment manager who explained that no one by the name _____ as listed as a resident of the entire apartment complex.

13. An Auto Track XP information database query lists _____ _____ as one of _____ 's home addresses.

## CONCLUSION

Based upon the Affiant's training, experience, and participation in other Federal criminal investigations, this Affiant has found the following conclusions to be accurate:

1. Firearms are of a permanent nature and, in circumstances surrounding an individual's illegal acquisition of a firearm, are retained for a long period of time. Furthermore, firearms are typically stored in the residence occupied by the firearm trafficker or stored in the vehicle owned or operated by the firearm trafficker.

2. Individuals who illegally acquire firearms from federally licensed firearms dealers use false or inaccurate forms of identification for the purposes of misleading and/or deceiving the FFL in regards to the lawfulness of the sales.

3. Individuals who illegally acquire and dispose of firearms maintain books, records, receipts, notes, ledgers, bank records, money orders, electronic computer records, and other papers relating to the acquisition and disposition of firearms, firearm parts, and ammunition. The aforementioned books, records, receipts, notes, electronic computer

5

CKC
11/5/05

records and ledgers etc., are maintained where the individual has ready access to them, such as on their person, in their motor vehicle, or in their residence.

4. Individuals who illegally acquire and dispose of firearms commonly maintain addresses or telephone numbers in books, papers or electronic computer records, which reflect names, addresses, and/or telephone numbers for their associates in their illegal organization. These records are generally kept on their person, in their vehicle, or in their residence.

5. Individuals who illegally acquire and dispose of firearms take or cause to be taken photographs of themselves, their associates, their property, and their firearms. These individuals maintain these photographs in their possession, in their vehicles, or in their residence.

6. Based upon the investigation conducted thus far, Affiant believes that probable cause exists that:

    A) _____ Washington, DC 20017.

    B) In the Eastern District of Virginia, _____ illegally purchased firearms in violation of the Gun Control Act.

    C) _____ possesses evidence as previously described in paragraphs 1 and 2 of Attachment B, relating to violations of Title 18 Section 922 (a) (6).

    D) The residence of _____ described in Attachment A hereto contains evidence of violations of Title 18 U.S.C. Section 922 (a) (6).

6

CKC
11/15/05

E)   The vehicle of _____ described in Attachment A hereto contains evidence of violations of Title 18 U.S.C. Section 922 (a) (6); contraband and fruits of such offenses; and property which has been used as means of committing such offenses

Therefore, your affiant respectfully request that a warrant be issued authorizing seizure of such evidence.

*[signature]*

Jeffrey W. McLoughlin

Special Agent, ATF

Subscribed and sworn
To me this NOV 16 2005 day
Of November 2005

*[signature]*
United States Magistrate Judge
ALAN KAY
U.S. MAGISTRATE JUDGE

*[signature]* Cathy K (...)
AUSA
11/15/05

7